# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUAN CARLOS MARTIN-LOPEZ,<br>Movant, | CRIMINAL NO.<br>1:07-CR-0257-3-JEC-GGB |
| v. | CIVIL ACTION NO.<br>1:12-CV-0367-JEC-GGB |
| UNITED STATES OF AMERICA,<br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Juan Carlos Martin-Lopez ("Martin-Lopez" or "Movant") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 920]. Movant seeks to challenge the constitutionality of his 120-month sentence that was imposed on January 6, 2009 [Doc. 753], following his guilty plea on May 23, 2008 before Magistrate Judge Brill [Doc. 556], which was adopted by the District Court on July 17, 2008 [Doc. 602]. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 920]; (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate [Doc. 938]; and (3) Movant's reply to the Government's response [Doc. 942].[1]

---

[1] Movant's motion for an extension of time to file a reply [Doc. 940] is **GRANTED** *nunc pro tunc*.

## I. BACKGROUND

On May 23, 2008, Martin-Lopez pleaded guilty, pursuant to a negotiated plea agreement, to Count One of an indictment returned on July 24, 2007, by a federal grand jury in the Northern District of Georgia. [Docs. 1, 556-1]. Count One charged a conspiracy to manufacture marijuana involving at least 1,000 marijuana plants. [Doc. 1]. At the plea hearing, Martin-Lopez admitted that he had an unlawful agreement with others to manufacture, distribute and possess with intent to distribute at least 1,000 marijuana plants. [Doc. 842 at 23]. He also was advised and stated that he understood that there was a mandatory minimum penalty of ten years. [Doc. 842 at 16]. In his plea agreement, Martin-Lopez waived his right to appeal (except in the case of an upward departure or a government appeal) and to file a collateral attack on his conviction, including a Section 2255 petition. [Doc. 556-1 at 10-11; Doc. 842 at 9].

On January 6, 2009, the district court sentenced Martin-Lopez to 120 months of imprisonment, to be followed by a term of five years of supervised release. [Doc. 753]. Martin-Lopez appealed, and his conviction was affirmed by the Eleventh Circuit Court of Appeals on May 13, 2010. [Docs. 765, 884].

On September 26, 2011, Martin-Lopez filed a *pro se* "Motion Under Federal Rule of Civil Procedure 60(b)(6) Relief From a Final Judgment, Order or Proceeding." [Doc. 920]. After inquiry by the magistrate judge, Martin-Lopez wrote to the court that

2

he wanted to proceed with his motion re-characterized as a motion under 28 U.S.C. § 2255. [Doc. 934].

## II. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (citing *United States v. Dayton*, 981 F.2d 1200, 1203 (11th Cir. 1993)). Martin-Lopez's conviction was affirmed by the Eleventh Circuit Court of Appeals on May 13, 2010. Martin-Lopez's one-year limitation period began to run on

August 11, 2010, when the ninety-day period in which he could have sought certiorari in the United States Supreme Court expired. *See* Rule 13 of the Rules of the Supreme Court of the United States; *see also Clay v. United States*, 537 U.S. 522 (2003) (for § 2255 cases, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Thus, Martin-Lopez had one year from August 11, 2010, to file a § 2255 motion, and his one-year statute of limitations expired on or about August 11, 2011. Accordingly, when Martin-Lopez filed his § 2255 motion on September 26, 2011, it was untimely.

Martin-Lopez argues that his "Motion Under Federal Rule of Civil Procedure 60(b)(6) Relief From a Final Judgment, Order or Proceeding" [Doc. 920] should not have been re-characterized as a motion under 28 U.S.C. § 2255. However, Martin-Lopez specifically told the court in response to the court's inquiry, that he wanted to proceed with his motion re-characterized as a motion under 28 U.S.C. § 2255. [Doc. 934]. Therefore, this argument is without merit.

Martin-Lopez argues in the alternative that his § 2255 motion should be considered timely because of the alleged fraud perpetrated by the Government when the prosecutor told the court that Martin-Lopez should be sentenced based on at least 1,000 marijuana plants. However, Martin-Lopez admitted at his plea hearing that he had an agreement with others to manufacture, distribute and possess with intent to distribute at

4

least 1,000 marijuana plants. [Doc. 842 at 23; Doc. 799 at 12]. Therefore, this argument is without merit.

Martin-Lopez also argues for the first time in his reply brief that *Missouri v. Frye*, ─── U.S. ───, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) and *Lafler v. Cooper*, ─── U.S. ───, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) are applicable to his case, and created a new right that is retroactively applicable to cases on collateral review. As the Supreme Court's decisions in *Frye* and *Lafler* were not decided until 2012, according to Martin-Lopez, his § 2255 motion should be considered timely (presumably under § 2255(f)(3)). [Doc. 942 at 6].

However, the Eleventh Circuit has determined that neither *Frye* nor *Lafler* announced a newly recognized right that applies retroactively to cases on collateral review. Instead, in *Frye* and *Lafler*, "the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel . . . extends to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). *See Bishop v. United States*, Civil No. 12-325-WS, 2012 WL 6045915, at *2 (S.D. Ala. Sept. 11, 2012) (finding that *Lafler* and *Frye* did not announce newly recognized retroactive rights for purpose of the calculation of the one year period of limitation under § 2255(f)(3)).

For these reasons, Martin-Lopez's § 2255 motion is time-barred.

5

AO 72A
(Rev.8/82)

## III. CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's § 2255 motion is untimely. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. CONCLUSION

IT IS HEREBY **ORDERED** that Movant's Motion for Extension of Time to File a reply [Doc. 940] is **GRANTED**, *nunc pro tunc.*

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 920] be **DENIED.**

AO 72A
(Rev.8/82)

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**I FURTHER RECOMMEND** that Movant's *pro se* motion to obtain transcripts [Doc. 921] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 19th day of December, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)